IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
ISLAND PREMIER INSURANCE CO.,  )   CIV. NO. 21-00297 HG-RT
LTD.; ISLAND INSURANCE         )
COMPANY, LTD.,                 )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
TERRENCE CAMPOS,               )
                               )
          Defendant.           )
                               )
                               )
                               )
SANGHYUK HONG; MI YON HONG     )
                               )
                               )
          Movants.             )
                               )
                               )
```

**ORDER SETTING ASIDE THE DECEMBER 9, 2021 ENTRY OF DEFAULT
(ECF No. 15)
and
DENYING AS MOOT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
(ECF No. 19)**

Plaintiffs Island Premier Insurance Co. Ltd. and Island Insurance Company, Ltd. filed a Complaint in this Court for Declaratory Judgment against Defendant Terrence Campos. Plaintiffs' action is related to an automobile collision that occurred on July 2, 2016. Plaintiffs allege that Defendant Campos caused the collision while operating a vehicle owned by a third party, Jamie Barcinas.

Plaintiffs had issued both an Auto Policy and an Umbrella Policy to Jamie Barcinas that were in effect at the time of the

1

collision.

Two separate lawsuits were initiated in Hawaii State Court as a result of the July 2, 2016 collision when Campos was operating Barcinas' vehicle.

On August 25, 2016, Sanghyuk Hong and Mi Yong Hong filed a complaint in Hawaii state court in <u>Hong v. Campos, Barcinas</u>, Civ. No. 16-1-1625.  The Hongs seek damages in state court claiming they were injured in the accident.

On November 14, 2018, Ashley Eagle filed a complaint in Hawaii state court in <u>Eagle v. Campos, Barcinas,</u> Civ. No. 18-1-1820-11.  Eagle seeks damages in state court claiming she sustained injuries while she was a passenger in a taxi that was struck in the collision on July 2, 2016 when Campos was operating Barcinas' vehicle.

On July 2, 2021, while the state court proceedings were pending, Plaintiffs filed the coverage action in this Court. Plaintiffs seek declaratory relief against Defendant Campos.  The Complaint seeks a declaratory judgment that the two insurance policies issued to Jamie Barcinas do not provide coverage to Defendant Campos for the two state lawsuits that were filed as a result of the collision that occurred on July 2, 2016.

On November 5, 2021, Plaintiffs served Defendant Campos with the Complaint.  An entry of default was issued and Plaintiffs moved for default judgment.

Prior to entry of default judgment, Defendant Campos appeared with the assistance of counsel.  The Court issued an

Order to Show Cause Why Entry of Default Should Not Be Set Aside. The Parties filed pleadings in response.

The December 9, 2021 Entry of Default (ECF No. 15) is **SET ASIDE**.

Plaintiffs' Motion for Default Judgment (ECF No. 19) is **DENIED AS MOOT**.

## PROCEDURAL HISTORY

On July 2, 2021, Plaintiffs filed the Complaint for Declaratory Judgment against Defendant Terrance Campos. (ECF No. 1).

On November 12, 2021, the Executed Summons was filed demonstrating service on Defendant Campos on November 5, 2021. (ECF No. 12).

On December 8, 2021, Plaintiffs filed a Request for Entry of Default. (ECF No. 14).

On December 9, 2021, the Entry of Default was entered by the Clerk's Office. (ECF No. 15).

On February 23, 2022, Plaintiff filed a Motion for Default Judgment as to Defendant Campos. (ECF No. 19).

On May 17, 2022, a hearing on the Motion for Default Judgment was held before the Magistrate Judge. (ECF No. 25).

On June 15, 2022, Movants Sanghyuk Hong and Mi Yon Hong filed a Motion entitled "MOTION 1) TO BE JOINED AS REQUIRED PARTIES OR TO DISMISS THIS ACTION PURSUANT TO RULE 19, FEDERAL RULES OF CIVIL PROCEDURE, or in the alternative 2) TO BE

3

PERMITTED TO INTERVENE AS OF RIGHT OR BY PERMISSIVE INTERVENTION PURSUANT TO RULE 24, FEDERAL RULES OF CIVIL PROCEDURE." (ECF No. 26).

On June 22, 2022, the Court held the resolution of the Motion for Default Judgment in abeyance pending a decision on the Motion to Intervene filed by the Movants. (ECF No. 27).

On July 5, 2022, Plaintiffs filed an Opposition to the Motion to Intervene. (ECF No. 28).

On July 15, 2022, Movants filed their Reply to the Motion to Intervene. (ECF No. 30).

Also on July 15, 2022, Defendant Campos, with the assistance of counsel, filed an Answer to Plaintiff's Complaint for Declaratory Judgment. (ECF No. 29).

On July 27, 2022, the Court issued an ORDER TO SHOW CAUSE WHY ENTRY OF DEFAULT SHOULD NOT BE SET ASIDE. (ECF No. 31).

On August 8, 2022, Defendant Campos filed his Memorandum in support of setting aside entry of default. (ECF No. 32).

On August 29, 2022, Plaintiffs filed their Opposition to Setting Aside Entry of Default. (ECF No. 33).

On August 30, 2022, Defendant Campos filed his Response to Plaintiffs' Opposition. (ECF No. 34).

On September 20, 2022, the Court held a hearing on its Order to Show Cause. (ECF No. 36).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 permits a court to set

aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside entry of default is within the court's discretion. Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011). The Ninth Circuit Court of Appeals has explained that "judgment by default is a drastic step appropriate only in extreme circumstances." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). The Court's discretion is especially broad where it is entry of default that is being set aside, rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

**ANALYSIS**

**I. Fed. R. Civ. P. 55(c) Applies**

As a preliminary matter, the applicable standard for setting aside an entry of default in federal court is Federal Rule of Civil Procedure 55(c). Defendant Campos requests that the Court apply the Hawaii state standard for analyzing setting aside an entry of default. Contrary to Defendant Campos' position, in federal court, "the Federal Rules of Civil Procedure apply irrespective of the source of subject-matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003). Fed. R. Civ. P. 55(c) governs setting aside a default judgment in federal court. See Martin v. Pierce Cnty., 34 F.4th 1125, 1132 (9th Cir. 2022) (explaining that state rules

cannot displace a "valid, on-point" Federal Rule of Civil Procedure in federal courts).

## II. Setting Aside Entry Of Default

A court considers three factors in evaluating good cause to set aside entry of default:

(1) whether the defendant engaged in culpable conduct that led to the default;

(2) whether the defendant had no meritorious defense; or,

(3) whether reopening default judgment would prejudice the other party.

United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

The standard is disjunctive and "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."  Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).

### 1. Culpable Conduct

A defendant's failure to answer is culpable "if he has received actual or constructive notice of the filing of the action and **intentionally** failed to answer."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis added and citations and quotation marks omitted).  An intentional failure to answer is one that is willful, deliberate, or in bad faith.  Id.  A neglectful failure to answer is not intentional and does not rise to the level of culpable conduct.

Defendant Campos explains in his response to the Court's Order to Show Cause that he was served with the multiple lawsuits involving the July 2016 collision.  Defendant Campos states that Attorney Alan Van Etten wrote to the Plaintiffs' Insurance Companies to ensure that Defendant Campos was defended pursuant to the insurance coverage in the state court lawsuits.  (Campos Decl. at ¶ 5, ECF No. 32-1).  Defendant Campos states that Attorney Van Etten's efforts resulted in his representation by Attorney Cary Tanaka.  (Id.)  Defendant Campos then states that Attorney Tanaka then became the attorney for Plaintiffs Insurance Companies and new counsel was provided with Attorney Curtis Kim.  (Id.)  Defendant Campos explains that he was confused when he received the Complaint in this case that was brought by the Plaintiffs Insurance Companies because he believed he was being represented by the Plaintiffs as a result of the efforts by Attorney Van Etten to secure Defendant Campos with representation.  (Id. at ¶ 6).  Defendant Campos states that he did not understand the nature of this case and the procedural aspects of the Plaintiffs Insurance Companies actions until he recently met with Attorney Jay Brown.  (Id. at ¶ 7).  Following his meeting with Attorney Brown, Defendant Campos retained Attorney William Sink to represent him because Attorney Brown is only licensed in Virginia and he needed an attorney in Hawaii.  (Id. at ¶¶ 7-9).  Defendant Campos believes that Attorney Tanaka did not explain his representation limitations to him which resulted in the entry of default.  (Id. at ¶ 8).

7

Defendant Campos has now retained Attorney William Sink and seeks to defend the action in this case.

The Court finds that Defendant Campos did not engage in culpable conduct. Defendant Campos' conduct does not meet the threshold of an intentional, deliberate, or willful failure to respond with no explanation whatsoever. Mesle, 615 F.3d at 1093.

Although he was served with the Complaint in this case on November 5, 2021, Defendant Campos explains that he was confused as to the difference between the lawsuits in state court from the coverage lawsuit in federal court. Defendant Campos believed that because he had received representation from Plaintiffs' counsel in the state court lawsuits that the representation extended to federal court. The confusion was complicated by the fact that Attorney Tanaka was Defendant Campos' counsel but then became counsel for Plaintiff Island Insurance. Defendant Campos states that Attorney Tanaka never explained the conflict nor did he explain the limitations of his representation.

Given the complexities of the issues and Defendant Campos' lack of legal training, the Court finds that he did not engage in culpable conduct.

### 2.  **Meritorious Defense**

In order to justify an order setting aside default, a defendant must present the court with specific facts that would constitute a defense. Franchise Holding, 375 F.3d at 926. It is not an extraordinarily high burden. TCI Group Life Ins. Plan v.

8

Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). Rather, the defendant need only allege sufficient facts or law to show a legitimate defense exists. Id.

Here, Plaintiffs claim that Defendant Campos is not covered by the Policies that they issued to Jamie Barcinas because Defendant Campos could not have had a "reasonable belief" he was entitled to operate the vehicle.

First, Plaintiffs allege that Defendant Campos could not have reasonably believed he was entitled to drive because he did not have a valid driver's license. Second, Plaintiffs allege that Defendant Campos could not have reasonably believed he was entitled to drive the car because he did not have permission from the vehicle's owner to use the car.

Defendant Campos disputes Plaintiffs' position. Defendant Campos specifically stated, "As I stated in my deposition which was taken on March 1, 2019, on the night of the accident, I asked Ms. Barcinas if I could use her car, and she said I could....I had a reasonable belief that I was entitled to use Ms. Barcinas' vehicle on the night of the accident." (Campos Decl. at ¶ 10, ECF No. 32-1).

Defendant Campos has provided a sufficiently meritorious defense to justify vacating the entry of default. The questions of fact are left for trial and provide a basis to set aside default. TCI, 244 F.3d at 700.

9

### 3. **Prejudice**

Prejudice exists if a party's ability to pursue its claims is hindered. <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984). The harm must be greater than simply delaying the resolution of the case. <u>TCI</u>, 244 F.3d at 701. Delay must result in "tangible harm such as loss of evidence." <u>Id.</u> No prejudice exists simply because a party is compelled to litigate its claims on the merits.

Plaintiffs have not demonstrated that they will suffer prejudice if entry of default is set aside. The mere fact that Plaintiffs will be required to prove their case on the merits does not constitute prejudice. <u>Fruean v. Bank of New York Mellon</u>, Civ. No. 10-00762 DAE-BMK, 2011 WL 3021224, *4-*5 (D. Haw. July 22, 2011).

The Court finds there is good cause to set aside entry of default. Fed. R. Civ. P. 55(c); <u>Brandt</u>, 653 F.3d at 1111.

//
//
//
//
//
//
//
//
//

**CONCLUSION**

The December 9, 2021 Entry of Default (ECF No. 15) is **SET ASIDE**.

Plaintiffs' Motion for Default Judgment (ECF No. 19) is **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: September 30, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

ISLAND PREMIER INSURANCE CO., LTD.; ISLAND INSURANCE COMPANY, LTD. v. TERRENCE CAMPOS, Civ. No. 21-00297 HG-RT; **ORDER SETTING ASIDE THE DECEMBER 9, 2021 ENTRY OF DEFAULT (ECF No. 15) and DENYING AS MOOT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 19)**