IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ISLAND PREMIER INSURANCE CO., )<br>LTD.; ISLAND INSURANCE )<br>COMPANY, LTD., )<br> )<br>        Plaintiffs, )<br> )<br>    vs. )<br> )<br>TERRENCE CAMPOS, )<br> )<br>        Defendant. )<br>───────────────────── )<br> )<br> )<br>SANGHYUK HONG; MI YON HONG )<br> )<br> )<br>        Movants. )<br> )<br>───────────────────── ) | CIV. NO. 21-00297 HG-RT |

**ORDER GRANTING MOVANTS' MOTION FOR INTERVENTION PURSUANT TO FED.
R. CIV. P. 24(a)(2) (ECF No. 26)**

Plaintiffs Island Premier Insurance Co. Ltd. and Island
Insurance Company, Ltd. filed a Complaint in this Court for
Declaratory Judgment against Defendant Terrence Campos.
Plaintiffs' action is related to an automobile collision that
occurred on July 2, 2016.  Plaintiffs allege that Defendant
Campos caused the collision while operating a vehicle owned by a
third party, Jamie Barcinas.

Plaintiffs had issued both an Auto Policy and an Umbrella
Policy to Jamie Barcinas that were in effect at the time of the
collision.

Two separate lawsuits were initiated in Hawaii State Court

1

as a result of the July 2, 2016 collision when Campos was operating Barcinas' vehicle.

On August 25, 2016, Sanghyuk Hong and Mi Yong Hong filed a complaint in Hawaii state court in Hong v. Campos, Barcinas, Civ. No. 16-1-1625.  The Hongs seek damages in state court claiming they were injured in the accident.

On November 14, 2018, Ashley Eagle filed a complaint in Hawaii state court in Eagle v. Campos, Barcinas, Civ. No. 18-1-1820-11.  Eagle seeks damages in state court claiming she sustained injuries while she was a passenger in a taxi that was struck in the collision on July 2, 2016 when Campos was operating Barcinas' vehicle.

While the state court proceedings were pending, Plaintiffs filed the coverage action in this Court.  The Complaint seeks a declaratory judgment that the two insurance policies that they issued to Jamie Barcinas do not provide coverage to Defendant Campos for the two lawsuits that were filed as a result of the collision that occurred on July 2, 2016.

Movants Sanghyuk Hong and Mi Yon Hong seek to join or intervene in the case in order to protect their interests. Movants assert that they have an interest in the Court finding that Plaintiffs have a duty to indemnify Defendant Campos based on the insurance policies that were issued to Barcinas.  Movants contend that their ability to be compensated for their injuries turns on the result of Plaintiffs' Declaratory Relief action.

The Court agrees that Movants have an interest that they

need to protect and should be permitted to intervene.

Movants' Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2) (ECF No. 26) is **GRANTED**.

## PROCEDURAL HISTORY

On July 2, 2021, Plaintiffs filed the Complaint for Declaratory Judgment against Defendant Terrance Campos.  (ECF No. 1).

On June 15, 2022, Movants Sanghyuk Hong and Mi Yon Hong filed a Motion entitled "MOTION 1) TO BE JOINED AS REQUIRED PARTIES OR TO DISMISS THIS ACTION PURSUANT TO RULE 19, FEDERAL RULES OF CIVIL PROCEDURE, or in the alternative 2) TO BE PERMITTED TO INTERVENE AS OF RIGHT OR BY PERMISSIVE INTERVENTION PURSUANT TO RULE 24, FEDERAL RULES OF CIVIL PROCEDURE."  (ECF No. 26).

On July 5, 2022, Plaintiffs filed an Opposition to the Motion to Intervene.  (ECF No. 28).

On July 15, 2022, Movants filed their Reply to the Motion to Intervene.  (ECF No. 30).

Also on July 15, 2022, Defendant Campos, with the assistance of counsel, filed an Answer to Plaintiff's Complaint for Declaratory Judgment.  (ECF No. 29).

On September 20, 2022, the Court held a hearing on Movants' Motion to Join or Intervene.  (ECF No. 36).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 24 provides, in relevant part:

**(a)   Intervention Of Right**.   On timely motion, the court must permit anyone to intervene who:

> **(1)**   is given an unconditional right to intervene by a federal statute; or
>
> **(2)**   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b)   Permissive Intervention**.

> **(1)   In General**.   On timely motion, the court may permit anyone to intervene who:
>
> > (**A**)   is given a conditional right to intervene by a federal statute; or
> >
> > (**B**)   has a claim or defense that shares with the main action a common question of law or fact....

The movant bears the burden of establishing its right to intervene.   Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011).   Rule 24 is to be construed liberally and doubts should be resolved in favor of the proposed intervenor.   United States v. Aerojet Gen. Corp., 606 F.3d 1142, 1148 (9th Cir. 2010).

**ANALYSIS**

As an initial matter, Movants moved for both joinder pursuant to Federal Rule of Civil Procedure 19 and intervention

4

pursuant to Federal Rule of Civil Procedure 24.

Movants' counsel acknowledged at the September 20, 2022 hearing that joinder pursuant to Rule 19 is not appropriate and that they were seeking the right to intervene pursuant to Fed. R. Civ. P. 24.

Pursuant to Fed. R. Civ. P. 24(a)(2), a movant is permitted to intervene as of right by establishing four elements:

    (1)  the application is timely;

    (2)  it has a significant protectable interest relating to the property or transaction that is the subject of the action;

    (3)  the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

    (4)  the existing parties may not adequately represent the applicant's interest.

United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002).

In reviewing a request to intervene pursuant to Fed. R. Civ. P. 24, courts are guided "primarily by practical and equitable considerations." Aerojet Gen. Corp, 606 F.3d at 1148.  Courts generally construe Rule 24 broadly in favor of proposed intervenors.  Id.  The court must accept as true the allegations and evidence submitted in support of a motion to intervene. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

## 1.   Timeliness

Courts evaluate the timeliness of a motion to intervene by reviewing:

> (1)   the stage of the proceedings at which an applicant seeks to intervene;
>
> (2)   the prejudice to the other parties; and,
>
> (3)   the reason for and length of the delay.

United States ex rel. McGough v. Covington Tech. Co., 967 F.2d 1391, 1394 (9th Cir. 1992).

Here, the case is still in its preliminary stages. Defendant Campos recently appeared in the case and filed his answer on July 15, 2022.  No discovery has taken place and the Rule 16 Scheduling Order has not yet been issued.  The Parties are not prejudiced by the Movants' appearance in the case at this stage in the proceedings.  The motion to intervene is timely.

## 2.   Significant Protectable Interest

The requirement of a significantly protectable interest is satisfied when the movant has an interest that is protectable under some law and the resolution of the plaintiff's claims will affect the movant.  Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).

Here, Movants have a significant protectable interest. Movants are seeking damages in the Hawaii state court lawsuit as a result of injuries they sustained in the collision with Defendant Campos on July 2, 2016.  Movants have an interest in

this Declaratory Relief action because their ability to be
compensated for their injuries turns on whether Plaintiffs have a
duty to indemnify Defendant Campos for the collision.  See
Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.,
72 F.3d 361, 366 (3d Cir. 1995) (finding intervenor's interest in
insurance proceeds was sufficient to establish protectable
interest); Fed. Ins. Co. v. Caldera Med. Inc., 2015 WL 12655608,
*2 (C.D. Cal. Apr. 8, 2015).


### 3.    Ability To Protect Interest

Courts in the Ninth Circuit have explained that a movant
should be entitled to intervene if its absence would be impeded,
impaired, or "substantially affected in a practical sense by the
determination made in the action."  Golden Gate Rest. Ass'n v.
City & Cnty. of San Francisco, 2007 WL 1052820, at *3 (N.D. Cal.
Apr. 5, 2007).

Here, Movants' interest in being compensated from the
insurance policies would be impeded or impaired in a practical
sense if they were not permitted to intervene.  A ruling in
Plaintiffs' favor would cause Movants to lose their ability to be
compensated based on the insurance policies at issue.  This
factor favors permitting intervention.


### 4.    Adequate Representation

In evaluating whether the existing party adequately

represents an intervenor's interests, the Court considers:

    (1)   whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments;

    (2)   whether the present party is capable and willing to make such arguments; and,

    (3)   whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002).  The requirement is satisfied if the movant shows the representation "may be" inadequate and the burden of making this showing is "minimal."  Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972).

Here, Movants have established the minimal requirement that their interests may not be adequately represented by Defendant Campos.  It is not clear that Defendant Campos will "undoubtedly" make all of the arguments necessary to protect the Movants' interests.

All four factors support permitting Movants to intervene pursuant to Fed. R. Civ. P. 24(a)(2).

//

//

//

//

//

//

//

//

## **CONCLUSION**

Movants' Motion to Intervene Pursuant to Fed. R. Civ. P. 24(a)(2) (ECF No. 26) is **GRANTED.**

Movants Sanghyuk Hong and Mi Yon Hong are permitted to intervene.

IT IS SO ORDERED.

DATED: September 30, 2022, Honolulu, Hawaii.

_Helen Gillmor_
Helen Gillmor
United States District Judge

ISLAND PREMIER INSURANCE CO., LTD.; ISLAND INSURANCE COMPANY,
LTD. v. TERRENCE CAMPOS, Civ. No. 21-00297 HG-RT; **ORDER GRANTING
MOVANTS' MOTION FOR INTERVENTION PURSUANT TO FED. R. CIV. P.
24(a)(2) (ECF No. 26)**